**KIM, CHO & LIM, LLC**
Seoung Y. Lim Esq. (SL4581)
460 Bergen Boulevard, Suite 305
Palisades Na, NJ 07650
Tel: (201) 585-7400
Fax: (201) 585-7422
*Attorneys for Plaintiff*
joshualim@kcllawfirm.com

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| HWAN SUNG KIM, | Case No.: |
| Plaintiff, | CIVIL ACTION |
| -against- | **COMPLAINT AND JURY DEMAND** |
| SGD DUBU LLC & JONG MIN NA, | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| Defendants. | **ECF Case** |

Plaintiff, HWAN SUNG KIM ("Kim"), by and through his attorneys, Kim, Cho & Lim, LLC,

complaining of Defendants, SGD DUBU LLC d/b/a SO GONG DONG RESTAURANT ("SGD") and

JONG MIN NA ("Na") (collectively, "Defendants"), avers as follows:

### NATURE OF THE ACTION

1.     Plaintiff Kim – a non-exempt tipped employee – initiates this action to recover

unpaid wages and unpaid overtime wages while in the employ of Defendants, SGD and Na

pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") as well as

the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1 *et seq.*, and the New Jersey Wage and

Hour Law, N.J.S.A. § 34:11-56a *et seq.* ("NJLL").

### JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA),

28 U.S.C. §1531 (interstate commerce), and 28 U.S.C. § 1331 (federal question).  Supplemental

jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

3.     Venue is proper in this district under 28 U.S.C. §391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## PARTIES

4.     Plaintiff Kim is an individual residing in Fort Lee, New Jersey and was employed by Defendants as a waiter from about November 2014 to December 2016, at the restaurant located at 240 NJ-10 East Hanover, New Jersey 07936.

5.     Throughout his employment with Defendants, Plaintiff Kim and other similarly situated employees were subjected to the same pattern and practices of Defendants' illegal employment policies.

6.     Plaintiff Kim seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

7.     Defendant SGD is a business incorporated under the laws of the State of New Jersey, and operates the restaurant located at 240 NJ-10 East Hanover, New Jersey 07936.

8.     To serve meals, Defendant SGD regularly engages in interstate commerce by procuring ingredients which were produced outside the State of New Jersey.

9.     Upon information and belief, Defendant SGD had a gross volume of sales of $500,000.00 or more (exclusive of excise taxes at the retail level that are separately stated) for the year 2015.

10.     Upon information and belief, Defendant Na is an individual who is an owner, officer, and/or agent of Defendant SGD, and possesses operational control over, and an ownership interest in, Defendant SGD.

11.     Defendant Na also had the power to hire and fire, determine the wages and compensation paid to, and the working schedules and working conditions of, the employees of Defendant SGD, including, but not limited to, Plaintiff Kim.

12.     Upon information and belief, Defendant Na is the registered agent and a member of the board of directors of Defendant SGD and possesses operational control over, and an ownership interest in, Defendant SGD.

## FACTUAL ALLEGATIONS

### DEFENDANTS' FAILURE TO COMPLY WITH THE "TIP CREDIT" STATUTE

13.     Plaintiff Kim is a former employee of Defendants, ostensibly employed as a waiter – a non-exempt tipped employee – from about November 2014 to December 2016.

14.     Throughout his employment, Plaintiff Kim was regularly required to work in excess of forty (40) hours per week without paying him the proper minimum wage and overtime compensation.

15.     Throughout his employment with Defendants, Plaintiff Kim worked twelve (12) hours per work day.

16.     During said period, Plaintiff Kim worked five (5) days per week and was compensated at a rate of $80 to 90.00 per work day, while working at least fifty (50) hours per week.

17.     Throughout his employment with Defendants, Plaintiff Kim was never given proper notice with respect to the "tip credit" statute.

18.     Pursuant to the FLSA, at or before the time of hiring, Defendants were required to provide the information set forth below to Plaintiff in order to claim a tip allowance and pay a reduced hourly wage in conjunction with the actual tips received by Plaintiff:

a. the amount of cash wage the employer is paying a tipped employee, which must be $1.60 maximum hourly tip credit;

b. the additional amount claimed by the employer as a tip credit, which cannot exceed the difference between the minimum required cash wage and then minimum wage);

c. that the tip credit claimed by the employer cannot exceed the amount of tips actually received by the tipped employee;

d. that all tips received by the tipped employee are to be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and

e. that the tip credit will not apply to any tipped employee unless the employee has been informed of these tip credit provisions.

19. As the information set forth in preceding paragraph was not given to Plaintiff Kim, Defendants were not allowed to use the tip credit provisions to reduce the wages due to Plaintiff Kim.

20. Further, Defendants failed to follow the proper procedure, as set forth in the FLSA, when they improperly pooled the tips of Plaintiff Kim and other employees; namely, their tip pooling practice was illegal.

21. Moreover, throughout Plaintiff Kim's employment, Defendants failed to maintain proper timekeeping and compensation records, as required by the FLSA and NJLL; Defendants also failed to provide Plaintiff Kim with a wage statement on each payday.

## FLSA COLLECTIVE ACTION CLAIMS

22. The above-stated pattern and practice – which were willful and intentional – did not only affect Plaintiff Kim, but was Defendants' widespread, repeated, and consistent policy with respect to all tipped employees of Defendants.

23. As such, Plaintiff Kim brings his FLSA overtime wages and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all

similarly situated persons who are or were employed by Defendants on or after the date that is three (3) years prior to the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants, DHSS, Na, Lee and John Does 1-10 (the "FLSA Class").

24.     At all relevant times, Plaintiff Kim and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and compensation provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols, and plans of willfully failing and refusing to pay them the required overtime compensation of one and one-half (1.5) times their regular rates for work in excess of forty (40) hours per work pursuant to the FLSA, willfully taking improper deductions and other improper credits against their wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

25.     The Plaintiff Kim's claims stated herein are similar to those of the other employees in the FLSA Class.

### FIRST CAUSE OF ACTION
### (Violation of the FLSA Minimum Wage Provisions)

26.     Plaintiff repeats and re-alleges all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

27.     At all relevant times, Defendants were Plaintiff's employers (and employers of the putative FLSA Class) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff (and the FLSA Class), controlled the terms and conditions of employment, and determined the rate and method of compensation in exchange for their employment.

28.     At all relevant times, Defendants were engaged in commerce or in an industry or activity affecting commerce.

29.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r-s).

30.     Defendants failed to pay Plaintiff (and the FLSA Class) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

31.     Defendants' failure to pay Plaintiff (and the FLSA Class) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

32.     As a result, Plaintiff (and the FLSA Class) were damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
#### (Violation of the FLSA Overtime Provisions)

33.     Plaintiff repeats and re-alleges all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

34.     At all relevant times, Defendants were Plaintiff's employers (and employers of the putative FLSA Class) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff (and the FLSA Class), controlled the terms and conditions of employment, and determined the rate and method of compensation in exchange for their employment.

35.     At all relevant times, Defendants were engaged in commerce or in an industry or activity affecting commerce.

36.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r-s).

37.     Defendants failed to pay Plaintiff (and the FLSA Class) overtime compensation at a rate of one and one-half (1.5) times the regular rate of pay for each and every hour worked in excess of forty (40) hours in a work week, in violation of 29 U.S.C. § 207 (a)(1).

38.     Defendants' failure to pay Plaintiff (and the FLSA Class) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

39.     Plaintiff (and the FLSA Class) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Violation of NJLL Minimum Wage Provisions)

40.     Plaintiff repeats and re-alleges all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

41.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1 *et seq.* and the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a1.  Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of employment, and determined the rate and method of compensation in exchange for his employment.

42.     Defendants intentionally and willfully failed to pay Plaintiff at the applicable minimum hourly rate, in violation of New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1 *et seq.* and the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a4.

43.     As a result, Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Violation of NJLL Overtime Provisions)

44.     Plaintiff repeats and re-alleges all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

45.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1 *et seq.* and the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a1.  Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of employment, and determined the rate and method of compensation in exchange for his employment.

46.     Defendants intentionally and willfully failed to pay Plaintiff overtime compensation at a rate of one and one-half (1.5) times the regular rate of pay for each and every hour worked in excess of forty (40) hours in a work week, in violation of New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1 *et seq.* and the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a4.

47.  As a result, Plaintiff was damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court enter judgment against Defendants as follows:

A. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them to promptly file consents to be FLSA class members in the FLSA claims in this action;

B. Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA Class;

C. Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA Class;

D. Declaring that Defendants violated the record keeping requirements of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA Class;

E. Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff and the FLSA Class;

F. Awarding Plaintiff and the FLSA Class damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

G. Awarding Plaintiff and the FLSA Class liquidated damages in an amount equal to 100% of their damages for unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

H. Declaring that Defendants violated the minimum wage provisions of, and the rules and orders promulgated under, the NJLL as to Plaintiff;

I. Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NJLL as to Plaintiff;

J. Declaring that Defendants' violations of the NJLL were willful as to Plaintiff;

K. Awarding Plaintiff damages for the amount of unpaid wages under the NJLL;

L. Awarding Plaintiff and the FLSA Class pre-judgment and post-judgement interest;

M. Awarding Plaintiff and the FLSA Class the expenses incurred in this action, including costs and attorney's fees; and

N. Such other relief as this Court shall deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: Palisades Park, NJ
      February 27, 2017

Respectfully submitted,

By: _____

**KIM, CHO & LIM, LLC**
Seoung Y. Lim, Esq.
460 Bergen Boulevard, Suite 305
Palisades Na, NJ 07650
Tel: (201) 585-7400
Fax: (201) 585-7422
joshualim@kcllawfirm.com
*Attorneys for Plaintiff*